Mr. Eugene F. Shaw County Attorney Clay County Board of County Commissioners
QUESTIONS:
1. Is a housing finance authority created pursuant to part IV of ch. 159, F.S., subject to the provisions of s. 11.45, F.S. (1980 Supp.), as amended by ch. 81-167, Laws of Florida?
2. Is a housing finance authority created pursuant to part IV of ch. 159, F.S., subject to the provisions of the Special District Disclosure Act, ch. 189, F.S., as amended by chs. 81-167 and 81-259, Laws of Florida?
3. Is a housing finance authority created pursuant to part IV of ch. 159, F.S., a special district within the purview of the Uniform Local Government Financial Management and Reporting Act, part III of ch. 218, F.S. (1980 Supp.), as amended by chs. 81-96, 81-167 and 81-259, Laws of Florida, and if so, is said authority a dependent or independent special district?
SUMMARY:
A housing finance authority created pursuant to part IV of ch. 159, F.S. is:
 1. a `local governmental entity created pursuant to law' within the purview and for the purposes of s. 11.45, F.S. (1980 Supp.), as amended by ch. 81-167, Laws of Florida, and is therefore subject to the provisions thereof;
 2. a `special district' within the definition purview and for the purposes of s. 189.003(1), F.S., and is therefore subject to the provisions of the Special District Disclosure Act, ch. 189, F.S., as amended by chs. 81-167 and 81-259, Laws of Florida;
 3. an `independent special district' within the definitional purview and for the purposes of s. 218.31(7), F.S., and is therefore subject to the provisions of the Uniform Local Government Financial Management Reporting Act, part III of ch. 218, F.S. (1980 Supp.), as amended by chs. 81-96, 81-167 and 81-259, Laws of Florida.
You state in your letter that pursuant to the provisions of the Florida Housing Finance Authority Law, part IV of ch. 159, F.S., the Clay County Board of County Commissioners created by ordinance a separate public body corporate and politic, known as the Housing Finance Authority of Clay County and now desires to know whether said authority is subject to various provisions of statutory law regarding audits, financial reporting and disclosure. Since it is not inconsistent for a public corporation to be characterized as a special district, a political district or subdivision, or a unit of special government for certain definite purposes, see O'Malley v. Florida Insurance Guaranty Association, 257 So.2d 9, 11 (Fla. 1971); Forbes Pioneer Boat Line v. Board of Commissioners,82 So. 346, 350 (Fla. 1919); AGO 074-367, it will be necessary to examine separately the relevant definitions in each law about which you inquire to determine whether, for the purposes of that particular law, a county housing finance authority created pursuant to part IV of ch. 159, fits the definition, and is thus subject to the provisions of that law.
AS TO QUESTION 1:
Section 11.45(3)(a), F.S. (1980 Supp.), provides in pertinent part, as follows:
 2. The Auditor General may at any time make financial audits and performance audits of the accounts and records of all governmental entities created pursuant to law. The audits referred to in this subparagraph shall be made whenever determined by the Auditor General, whenever directed by the Legislative Auditing Committee, or whenever otherwise required by law or concurrent resolution.
 3. Each local governmental entity created pursuant to law, for which entity a financial audit was not performed pursuant to subparagraph 1. or subparagraph 2., except a municipality with an annual budget of less than $100,000, shall require that an annual financial audit of its accounts and records be completed, within 6 months after the end of its respective fiscal year, by an independent certified public accountant retained by it and paid from its public funds. The county audit shall be a single report. The governing body of a county shall be responsible for selecting an independent certified public accountant to audit the county agencies of the county according to the following procedure . . . . (Emphasis supplied.)
As previously stated, in order to determine whether the above provisions are applicable to the Housing Finance Authority of Clay County, it is necessary to determine whether said authority may properly be construed as a `local governmental entity created pursuant to law' for the purposes of s. 11.45, F.S. (1980 Supp.), as amended by ch. 81-167, Laws of Florida. Section 11.45(1) provides definitions for the terms as used in that section. Subsection (1)(b) of s. 11.45 provides as follows:
 (b) `Political subdivision' means a separate agency or unit of local government created or established by law and includes, but is not limited to, the following and the officers thereof: authority, board, branch, bureau, city, commission, consolidated government, county, department, district, institution, metropolitan government, municipality, office, officer, public corporation, town, or village. (Emphasis supplied.)
From the above definition, it would seem to follow that, for the purposes of s. 11.45, the terms political subdivision, separate unit of local government, authority, and public corporation can be used interchangeably to mean basically the same thing all of which may encompass the phrase `local governmental entity created pursuant to law.' Since a housing authority constitutes a publicbody corporate and politic, exercising the public and essential governmental functions set forth in the act (see s. 159.608, F.S.), is a separate agency or unit of local government created or established by law, is an authority and a public corporation, it is my opinion that a county housing finance authority created pursuant to part IV of ch. 159 is a `local governmental entity created pursuant to law' and is thereby subject to the provisions of s. 11.45, F.S. (1980 Supp.).
Accordingly, it is my opinion that a housing finance authority is subject to financial and performance audits by the Auditor General under the provisions of s. 11.45(3)(a)2. In addition, such an authority is directed, in accordance with s. 11.45(3)(a)3., F.S., to require that an annual financial audit of its accounts and records be completed within 6 months after the end of its fiscal year, by an independent certified public accountant retained by it and paid from its public funds if a financial audit was not performed by the Auditor General under the discretionary power granted to him under s. 11.45(3)(a)2., or as otherwise prescribed therein.
Furthermore, it is my opinion that a county housing finance authority created pursuant to part IV of ch. 159, F.S., is not a `county agency' as defined in s. 11.45(1)(e), F.S. (1980 Supp.), and therefore, pursuant to s. 11.45(3)(a)3., it is the authority itself and not the governing body of the county which is responsible for selecting the independent certified public accountant to perform the annual financial audit when the same was not performed by the Auditor General. See AGO 075-102.
AS TO QUESTION 2:
The Special Districts Disclosure Act, ch. 189, F.S., as amended by chs. 81-167 and 81-259, Laws of Florida, provides in s. 189.003(1) that the meanings of the terms `special district' and `independent special district' for purposes of ch. 189 shall be the same as those provided in s. 218.31, F.S., as amended by ch. 81-96, Laws of Florida. It is therefore necessary to determine whether a county housing authority created pursuant to part IV of ch. 159, F.S., is a `special district' as defined in s. 218.31(5). Section218.31(5), F.S., defines a special district as follows:
 (5) `Special district' means a local unit of special government, except district school boards and community college districts, created pursuant to general or special law for the purpose of performing prescribed specialized functions, including urban service functions, within limited boundaries. (Emphasis supplied.)
Due to the fact that a county housing authority constitutes a public body corporate and politic, exercising the public and essential governmental functions set forth in the Florida Housing Finance Authority Law (see s. 159.608), and is created pursuant to general law (i.e., part IV of ch. 159), for the purpose of performing prescribed specialized functions, including urban service functions (i.e., inter alia, the financing, acquisition, construction, reconstruction, and rehabilitation of housing, and of real and personal property), within limited boundaries (see s.159.603(1), defining area of operation), it is my opinion that for the purposes of ch. 189, F.S., a county housing finance authority duly created pursuant to part IV of ch. 159, F.S., is a `special district' within the definitional purview and for the purposes of ss. 189.003(1) and 218.31(5), F.S., and therefore is subject to provisions of the Special Districts Disclosure Act, ch. 189, F.S., as amended by chs. 81-167 and 81-259, Laws of Florida, Cf. AGO's 074-367, 074-234.
AS TO QUESTION 3:
Having determined in my answer to the previous question that a housing finance authority created pursuant to part IV of ch. 159, F.S., is a `special district' as defined in s. 218.31(5), F.S., it must next by determined whether, for the purposes of the Uniform Local Government Financial Management and Reporting Act, part III of ch. 218, F.S. (1980 Supp.), as amended by chs. 81-96, 81-167 and 81-259, Laws of Florida, such an authority is a dependent or independent special district. The pertinent definitions are as follows:
 Dependent special district means a special district whose governing head is the local governing authority, ex officio, or otherwise, or whose budget is established by the local government authority. [s. 218.31(6), F.S.]
 Independent special district means a special district whose governing head is an independent body, either appointed or elected, and whose budget is established independently of the local governing authority, even though there may be appropriation of funds generally available to a local governing authority involved. [s. 218.31(7), F.S.]
Section 159.605(1), F.S., provides that each housing finance authority shall be composed of 5 members appointed by the governing body of the county for which the housing authority is created. Section 159.605(2), provides that the powers of each housing finance authority shall be vested in the members of the housing finance authority in office from time to time. Section159.605(3) further provides that except for the time until the members of the housing finance authority are appointed by the governing body of the county, no member of the housing finance authority may be an officer or employee of the county for which the housing finance authority is created.
While it is true that in accordance with the provisions of s.159.604(3), F.S., the county for which the housing finance authority is created, may, subject to certain limitations, at its sole discretion, and at any time, alter or change the structure, organization, programs, or activities of the authority, including the power to terminate such an authority, the powers of a housing finance authority are vested independently in the appointed members of said authority, who with the one exception contained in s. 159.605(3), mentioned above, may not be a member of the local governing authority. Thus, since the appointed members of a housing finance authority are an independent and separate body and not identical with the local governing body of the county, and since the budget of a housing finance authority is not established by the local governing body of the county, and since and bonds or obligations of the authority are not a debt of the county and may not be payable out of any funds or properties other than those of the housing finance authority in accordance with s. 159.612(4), I am of the opinion that a housing finance authority is an `independent special district' as defined in s. 218.31(7), F.S., for the purposes of part III of ch. 218, F.S. (1980 Supp.), as amended by chs. 81-96, 81-167 and 81-259, Laws of Florida. As an independent special district within the purview and for the purposes of part III of ch. 218, supra, a housing finance authority created pursuant to part IV of ch. 159, supra, must comply with the requirements of part III of ch. 218, which are applicable to that type of unit of local government.
Prepared by: Linda Lettera, Assistant Attorney General